N. O. NELSON COMPANY *v.* DEPOSIT GUARANTY BANK & TRUST COMPANY

No. 40238          October 15, 1956          89 So. 2d 854

Dan E. Breland, Jackson, for appellant.

856

*Henley, Jones & Woodliff,* Jackson, for appellee.

857

ARRINGTON, J.

Appellant is a foreign corporation with headquarters in St. Louis, Missouri. It operated a place of business in Jackson, Mississippi. It had another place of business in Memphis, Tennessee, and reports were made daily to the Memphis office of business done in Jackson, Mississippi. The auditing covering Jackson operations was done in Memphis. In 1950, appellant opened a deposit account with Commercial Bank & Trust Company of Jackson, Mississippi, which bank was later merged with appellee, at which time the appellee assumed the liabilities of the Commercial Bank & Trust Company. Appellant gave written instructions to Commercial Bank & Trust Company, hereinafter referred to as appellee, which also will designate appellee as its successor, to the effect that funds could only be withdrawn from the account on the signatures of certain persons and only for the purpose of transferring funds to a Memphis Bank.

Over a period of about three years, the Jackson branch of appellant made out deposit slips at its office in de-

positing proceeds of its daily sales. Most of the deposit slips consisted of a list of checks received in the course of sales and there was some currency. All the checks were endorsed with a stamp, "For deposit only, pay to order of Commercial Bank & Trust Company, Jackson, Miss., N. O. Nelson Co., Memphis, Tenn." On many of these deposit slips was a notation "less" various sums ranging some few cents to substantial sums of money. When the teller received these deposits, the "less" sum was handed to the employee of appellant who carried the deposit to the bank and the employee returned the sum thus received by him to the appellant's place of business where it was placed with the company's funds. The total of these deductions from deposits over the period of nearly three years amounted to $2,762.59, which was the amount sued for. Copies of the deposit slips were mailed to the Memphis accounting office of appellant daily together with sales reports. No objection was ever made to the manner in which the bank was receiving the deposits and allowing the deductions. Appellant seems to have lost a large sum of money from a defaulting employee who was manager of the Jackson, Mississippi branch.

Appellant filed suit for the deductions from the deposits and the suit was tried in the county court in equity. From a judgment for appellee on appeal was taken to the Chancery Court where the county court was affirmed. Appellant then brought the case to this Court.

Appellant claims that the appellee bank, in allowing the deductions from the total funds shown on the deposit slip, breached the agreement with the bank as to withdrawals by checks signed by designated individuals; that such deductions were tantamount to allowing withdrawals by unauthorized persons.

The trier of the facts was fully justified from the evidence to find that appellant sustained no loss from

anything the bank did in receiving the deposits and permitting the deductions therefrom. The proof showed that the money thus deducted was returned to appellant's cash fund. We do not find it necessary to consider whether the bank breached the deposit agreement, or whether, if it did breach the agreement, the appellant acquiesced therein and is estopped to complain. The appellant failed to prove it sustained any loss, and that alone is sufficient to require an affirmance of the judgment.

Affirmed.

*McGehee, C. J.*, and *Kyle, Ethridge* and *Gillespie, JJ.*, concur.